O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>$100,000.00 IN U.S. CURRENCY,<br><br>  Defendant. | Case No. 2:19-cv-08296-ODW (JPRx)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [18]** |

## I. INTRODUCTION AND BACKGROUND

On September 25, 2019, Plaintiff United States of America initiated this *in rem* forfeiture action pursuant to 18 U.S.C § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6). (Compl. ¶ 1, ECF No. 1.) Through this action, the government seeks forfeiture of $100,000.00 in currency seized by law enforcement officers during a traffic stop in Chino Hills, California, on or about June 29, 2018. (Compl. ¶¶ 5, 8–24.) The government alleges that the "defendant currency represents or is traceable to proceeds of illegal narcotic trafficking, was intended to be used in one or more exchanges for a controlled substance or listed chemical, or was used or intended to be used to facilitate a controlled substance or listed chemical violation, in violation of 21 U.S.C. § 841 *et seq*." (Compl. ¶ 26.) The government asserts that the defendant currency is therefore

subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (Compl. ¶ 26.) The government also alleges that the "defendant currency constitutes or is derived from proceeds traceable to a controlled substance violation, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D)." (Compl. ¶ 28.) The government asserts that the defendant currency is therefore also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). (Compl. ¶ 28.)

The government identified David Zazueta Valenzuela ("Valenzuela") as having a potential interest in the defendant currency. (Compl. ¶ 7.) The government provided written notice of this action to Valenzuela via certified letter at multiple last known addresses and received delivery confirmation (via signed return receipts) for each letter sent. (Mot. for Default J. ("Mot.") 2–3, ECF No. 18; Decl. of Victor A. Rodgers ("Rodgers Decl.") ¶¶ 5–6, Exs. C–G, ECF Nos. 18-1, 18-2.) The government also published Notice of Civil Forfeiture for thirty days pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Mot. 1; Rodgers Decl. ¶ 4, Ex. B.) Process was executed on the defendant currency by the United States Marshals Service in accordance with the Supplemental Rules. (Mot. 1; Rodgers Decl. ¶ 3, Ex. A.) On November 5, 2019, the government and Valenzuela through counsel stipulated to extend Valenzuela's time to file a claim to contest the forfeiture and to answer the complaint. (Stip. to Extend Time 2, ECF No. 10.) That time has expired and Valenzuela has not filed a claim or an answer. (Rodgers Decl. ¶ 7.) Further, the time for filing a claim or answer for all interested parties has expired and no potential claimant has filed a claim or answer. (Mot. 3; Rodgers Decl. ¶¶ 7–9.)

On January 9, 2020, the Clerk entered default as to the interests of Valenzuela and all other potential claimants regarding the defendant currency. (Default, ECF No. 16.) On January 30, 2020, the government filed its Motion for Default Judgment ("Motion"). (*See* Mot.) Pursuant to Local Rule 7-9, any opposition to the government's Motion was due no later than twenty-one days before the March 2, 2020 hearing date. The Court received no opposition to the Motion. After carefully considering the papers

filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. (ECF No. 19.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Rules 54(c) and 55, as well as Local Rules 55-1 and 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court considers several factors (the "*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [Rules] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court need not make detailed findings of fact in the event of a default judgment. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages.

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## III.   DISCUSSION

Having reviewed the filings in this action, the Court is satisfied that the government has met all procedural requirements for obtaining a default judgment against the interests of Valenzuela and all other potential claimants. Notice was adequately served and published. The time for filing a claim or an answer has expired and no claims or answers have been filed. The government has satisfied the procedural requirements of FRCP 55 and Local Rule 55-1: (1) the Clerk entered default against the interests of Valenzuela and all other potential claimants on January 9, 2020; (2) no potential claimants responded to the Verified Complaint; (3) Valenzuela is not an infant or incompetent person; and (4) Valenzuela is not in the military, so the Service Members Civil Relief Act does not apply. (*See* Default; Rodgers Decl. ¶¶ 9–12.)

Further, the Court finds that on balance the *Eitel* factors weigh in favor of granting the government's Motion. The allegations establish that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841, *et seq.*, rendering it subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). The allegations further establish that the defendant currency constitutes or is derived from proceeds traceable to a controlled substance violation, rendering it subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). In light of the well-pleaded allegations in the FAC and no claims having been filed, the government's interest in an efficient resolution of the case outweighs any potential claimant's interest in adjudication on the merits. *PepsiCo*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.").

Having determined that entry of default judgment is appropriate, the Court finds that forfeiture of the defendant currency to the United States for disposition according

to law is proper because it does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); (Compl. ¶ (c)).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 18.) A separate judgment will issue.

**IT IS SO ORDERED.**

May 7, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**